# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 15, 2011

The Honorable Scott Brumley
Potter County Attorney
500 South Fillmore Street, Room 303
Amarillo, Texas 79101

Opinion No. GA-0881

Re: Proper method of calculating interest and penalties on the residence homestead of an elderly or disabled person whose property taxes have been deferred under section 33.06 of the Tax Code (RQ-0960-GA)

Dear Mr. Brumley:

You ask about the proper method of calculating interest and penalties on the residence homestead of an elderly or disabled person whose property taxes have been deferred under section 33.06 of the Tax Code.[1] *See* TEX. TAX CODE ANN. § 33.06 (West 2008). Your request relates to the collection of an existing debt.

Section 33.01 of the Tax Code provides for the general assessment of penalties and interest on property taxes that remain unpaid after their due date. *Id.* § 33.01(a).[2] A "delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1." *Id.* If the tax is still delinquent on July 1, it incurs a "total penalty of twelve percent," the maximum penalty provided by statute. *Id.* Moreover, a delinquent tax accrues interest at the rate of one percent per month or portion of a month for as long as the tax remains unpaid, for a maximum of twelve percent per annum. *Id.* § 33.01(c).[3]

Section 33.06 of the Tax Code permits an elderly or disabled person to defer the collection of taxes on his or her residence homestead. *Id.* § 33.06(a). This deferral continues in effect so long as the taxpayer qualifies for the deferral by maintaining his or her residence as the homestead. *Id.* If the individual dies, the deferral "continues in effect until the 181st day after the date the surviving

---

[1]Letter from Honorable Scott Brumley, Potter County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Apr. 11, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]The tax is delinquent unless paid prior to February 1. TEX. TAX CODE ANN. § 31.02(a) (West 2008).

[3]Additional penalties may be assessed by the appraisal district pursuant to sections 33.07(a) and 33.08(b). *Id.* §§ 33.07(a), .08(b).

spouse of the individual no longer owns and occupies the property as a residence homestead," *provided* (1) the property was the residence homestead of the deceased spouse when he or she died; (2) the surviving spouse was 55 years or more when the deceased spouse died; and (3) the property was the residence homestead of the surviving spouse when the deceased spouse died. *Id.* § 33.06(f).

A number of benefits accrue to a person who qualifies for a deferral under section 33.06. The interest rate on uncollected taxes is capped at eight percent per annum rather than the twelve percent prescribed by section 33.01. *Id.* § 33.06(d). Furthermore, the penalty provided by section 33.01 "is not incurred" during the deferral period. *Id.*[4] You indicate that one interpretation suggests that after the deferral period expires, interest and penalties for the *entire* period of the delinquency are calculated under section 33.01, "as if the deferral was never in place." Request Letter at 2. Another view is that normal penalty and interest under section 33.01 are calculated *until* the deferral becomes effective as well as *subsequent* to its termination, but that the calculation of interest—eight percent per annum—and penalties—none—is preserved for the entire period of the deferral. *Id.*

In construing a statute, the objective of a court, and hence this office, is "to determine and give effect to the Legislature's intent." *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). A court looks "first to the statute's language to determine that intent." *Id.* "If the statute's language is unambiguous, its plain meaning will prevail." *Id.* Section 33.06 specifically provides that "[i]nterest and penalties that accrued or that were incurred or imposed under Section 33.01 or 33.07 *before* the date the individual files the deferral affidavit under Subsection (b) . . . *are preserved.*" TEX. TAX CODE ANN. § 33.06(d) (West 2008) (emphasis added). However, "[a] penalty under Section 33.01 is not incurred during a deferral or abatement period." *Id.* The clear implication is that the lower interest rate imposed during the deferral period, and the absence of penalty during that time, remains effective after the deferral period ends *for the period of the deferral.* It follows that the final calculation of taxes owed must be based upon the higher rate and penalty for any period *before* the deferral begins and *after* it ends. But for the period of deferral, section 33.06 prevails when the final calculation is made.

We conclude that the calculation of interest and penalties on the homestead of an elderly or disabled person whose taxes have been deferred is governed by section 33.06 of the Tax Code for the entire period during which the deferral is effective.

---

[4]The additional penalty permitted by section 33.07 may be imposed "only if the taxes for which collection is deferred or abated remain delinquent on or after the 181st day after the date the deferral or abatement period expires." *Id.* § 33.06(d).

### S U M M A R Y

Calculation of interest and penalties on the homestead of an elderly or disabled person whose taxes have been deferred is governed by section 33.06 of the Tax Code for the entire period during which the deferral is effective.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee